**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
MARIA S. GRANADOS DE DIAZ,            **22-cv-04140**

          Plaintiff,                          **COMPLAINT**

  -against-

CLEAN HOUSE TOO LLC AND LEONOR
AFONSO,

          Defendants.
------------------------------------------------------------X

Plaintiff, MARIA S. GRANADOS DE DIAZ ("Plaintiff"), as and for her Complaint against Defendants, CLEAN HOUSE TOO LLC ("Clean House Too") and LEONOR AFONSO ("Afonso") (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to her employment with Defendants.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult female who resides in the State of New York.

6. Upon information and belief, Afonso is an adult female who resides in the State of Florida.

7. Upon information and belief, Clean House Too is a domestic limited liability company duly organized and existing under the laws of the State of New York.

8. Upon information and belief, Clean House Too maintains a principal place of business located at 193 Willis Avenue, Williston Park, New York 11596.

## FACTS

9. Clean House Too owns and operates a residential and commercial cleaning business that services properties and businesses in Nassau County, New York.

10. Plaintiff is a former employee of Clean House Too.

11. Upon information and belief, Clean House Too maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

12. Upon information and belief, at all relevant times, Afonso was an owner, officer, director, member, and/or managing agent of Clean House Too.

13. Upon information and belief, at all relevant times, Afonso was the President of Clean House Too.

14. Upon information and belief, at all relevant times, Afonso was the Chief Operating Office of Clean House Too.

15. Upon information and belief, at all relevant times, Afonso participated in running the daily operations of Clean House Too.

16. At all relevant times, Afonso participated in the management and supervision of Plaintiff and her work for Clean House Too.

17. Upon information and belief, at all relevant times, Afonso exercised operational control over Clean House Too, controlled significant business functions of Clean House Too, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Clean House Too in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

18. As such, Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

19. Defendants employed Plaintiff from in or about November 2019 until on or about June 10, 2021.

20. Defendants employed Plaintiff as a manual laborer for their benefit and at their direction.

21. Plaintiff's primary job duty was to clean Defendants' customers' properties.

22. During her employment, Plaintiff worked Monday through Friday from about 8:30 a.m. until about 5:30 p.m.

23. Plaintiff typically worked about forty-five (45) hours a week.

24. From in or about November 2019 until in or about March 2021, Defendants paid Plaintiff $10.00 per hour.

25. From in or about March 2021 until on or about June 10, 2021, Defendants paid Plaintiff $12.00 per hour.

26. Defendants paid Plaintiff straight-time for all hours worked.

27. Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week at a rate of one-and-one-half times her regular rate of pay.

28. Defendants did not pay Plaintiff the statutory minimum wage rate for all hours worked.

29. Defendants failed to provide Plaintiff with a wage notice at the time of her hiring or at any time thereafter, as required by NYLL § 195(1).

30. Defendants failed to provide Plaintiff with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

31. Afonso participated in the decision to hire Plaintiff.

32. Afonso participated in the decision to fire Plaintiff.

33. Afonso participated in deciding the job duties that Plaintiffs performed.

34. Afonso participated in the supervision of Plaintiff's job duties and responsibilities.

35. Afonso participated in setting Plaintiff's work schedules.

36. Afonso participated in deciding the hours that Plaintiff worked.

37. Afonso participated in deciding the manner in which Plaintiff was paid.

38. Afonso participated in deciding the compensation Plaintiff was paid.

39. Afonso participated in running the day-to-day operations of Clean House Too during Plaintiff's employment.

40. Defendants managed Plaintiff's employment, including the amount of time she worked each week.

41. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

42. Defendants were aware of Plaintiff's work hours but failed to pay her the proper wages to which she was entitled under the law.

43. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ*.
## FAILURE TO COMPENSATE FOR OVERTIME

44. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

45. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

46. Clean House Too was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

47. At all times relevant to this Complaint, Clean House Too had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled cleaning materials, equipment, and other items that originated outside of New York and were used to clean New York commercial and residential properties.

48. Upon information and belief, the gross annual volume of sales made or business done by Clean House Too in the applicable year(s) was not less than $500,000.00.

5

49. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

50. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

51. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

52. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

53. However, none of the Section 13 exemptions apply to Plaintiff because she did not meet the requirements for coverage under the exemptions during her employment.

54. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

55. Defendants did not act in good faith with respect to the conduct alleged herein.

56. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

57. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

60. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

61. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants.

62. Plaintiff was not exempt from the overtime provisions of the NYLL during her employment because she did not meet the requirements for any of the exemptions available under the NYLL.

63. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

64. Defendants did not act in good faith with respect to the conduct alleged herein.

65. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

66. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

67. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

68. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

69. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

70. Defendants have not acted in good faith with respect to the conduct alleged herein.

71. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

72. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

73. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. Defendants willfully failed to furnish Plaintiff with wage notices during her employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

8

place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

75. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

77. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

78. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

79. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

80. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and minimum wages;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage notices and wage statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

**[REMAINDER OF PAGE LEFT BLANK]**

G.     Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       July 14, 2022

                                            THE NHG LAW GROUP, P.C.

                                            By: Keith E. Williams, Esq.
                                            *Attorneys for the Plaintiff*
                                            4242 Merrick Road
                                            Massapequa, New York 11758
                                            Tel: 516.228.5100
                                            keith@nhglaw.com
                                            nhglaw@nhglaw.com